**P. Wesley FOSTER, Jr., Plaintiff,**

v.

**UNITED STATES of America, General Services Administration, and District of Columbia, Defendants.**

**Civil No. 95–722 (CRR).**

United States District Court, District of Columbia.

April 16, 1996.

Lawrence E. Blatnik, with whom Andrew C. Cooper, and Peder Magee, of Arent Fox Kintner Plotkin & Kahn, Washington, DC, for plaintiff.

C. Miles Tolbert, with whom Mary F. Edgar of the Environmental Defense Section, Environmental & Natural Resources Division, United States Department of Justice, Washington, DC, for defendant United States.

Justin Draycott, Assistant Corporation Counsel for the District of Columbia, Washington, DC, for defendant District of Columbia.

**ORDER**

CHARLES R. RICHEY, District Judge.

Parties routinely assert tandem claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.* In addition to claims for recovery of cleanup costs already incurred, a declaratory judgment that the party or parties from whom the claimant seeks to recover past costs are liable for future cleanup costs is usually sought as well. This case presents the apparently novel question of whether a party who does not succeed on his claim for past recovery costs may nonetheless seek a declaratory judgment as to future costs. The

Court holds that, under the facts presented, he may.

The facts of this case are detailed in the Court's March 29, 1996 Memorandum Opinion. In short, there are two distinct areas of contamination at the plaintiff's property (the "Site"). The eastern portion of the Site, where the PCB-containing vaults were formerly located, is contaminated only with PCBs. The western portion of the Site, which was formerly part of the James Creek Canal, is contaminated with lead and mercury. The bulk of the costs likely to be incurred in cleaning up the entire Site is associated with the lead in the soil at the western portion of the Site.

On March 29, 1996, the Court denied the plaintiff's Motion for Summary Judgment with respect to the defendants' liability under the CERCLA and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B). The Court also denied the defendants' Motions for Summary Judgment with respect to their own liability under the CERCLA. However, the Court granted the defendants' Motions with respect to the plaintiff's liability as a present owner of the Site, and the defendants' liability under the RCRA.

The plaintiff subsequently filed a Motion for Certification pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Civil Procedure 54(b). Therein, he argues, *inter alia,* that because the United States has conceded responsibility for the PCB contamination at the eastern portion of the Site, the Court should have granted summary judgment in his favor with respect thereto.

The Court notes that the plaintiff's Motion for Summary Judgment did not address, individually, the particular contaminants present at the Site, nor did it make any such distinctions in its claim for relief. Moreover, while the United States conceded responsibility for the PCB contamination, it argued in its Motion that the plaintiff should bear the bulk of the costs associated therewith. The practical effect of its concession is therefore a disputed matter. However, because the contamination is divisible and the United States has conceded that it is a Potentially Responsible Party ("PRP") under 42 U.S.C.

§ 9607(a)(2) with respect to the PCB contamination on the eastern portion of the Site, the Court shall, upon consideration of the unopposed Motion of the plaintiff, modify its March 29, 1996 Order to reflect this concession.

Counsel for the United States raised a concomitant issue at the Court's April 15, 1996 hearing. He noted that the elements of a prima facie claim under the CERCLA recovery action include the logical requirement that the party seeking recovery of costs have incurred such costs (and that these costs are consistent with the National Contingency Plan). Because the Court held that the costs incurred by the plaintiff are not recoverable under the CERCLA, the United States argues that it is entitled to dismissal of the plaintiff's CERCLA claims. A similar argument was made by the District of Columbia in its Motion under the rubric of "ripeness."

The question presented is this: whether a party's claim for declaratory relief survives an unfavorable judgment of its claim for recovery of past costs. Stated another way, does a claim for declaratory relief under the CERCLA require that the plaintiff have incurred recoverable costs? Because a claim for declaratory relief seeks to fix liability for *future* costs, it is nonsensical to require that the plaintiff demonstrate that he has already incurred such costs. While a claim for recovery of past costs is logically antecedent to a claim for future costs, it is not a prerequisite. Accordingly, the defendants are not entitled to dismissal of the plaintiff's claims for future response costs.

Section 113(g)(2) of the CERCLA, 42 U.S.C. § 9613(g)(2), provides that in any cost recovery action the District Court shall issue a declaratory judgment on liability for response costs or damages that will be binding in any subsequent action to recover further response costs. This section "[e]ssentially ... mandates collateral estoppel effect to a liability determination." *United States v. USX Corp.,* 68 F.3d 811, 819 n. 17 (3rd Cir.1995). As explained in *Kelley v. E.I. DuPont de Nemours & Co.,* 17 F.3d 836, 844 (6th Cir.1994):

In providing for the recovery of response costs, Congress included language to in-

sure that a responsible party's liability, once established, would not have to be relitigated.... The entry of [a] declaratory judgment as to liability is mandatory. The fact that future costs are somewhat speculative is not a bar to a present declaration of liability.

(citations and quotations omitted). "Of course, a defendant [remains] able to contest the amount of the [future] response costs or whether the work undertaken was consistent with the national contingency plan." *USX Corp.*, 68 F.3d at 819 n. 17 (citing *United States v. Fairchild Indus., Inc.*, 766 F.Supp. 405, 415 (D.Md.1991)).

The United States admits that it owned and/or operated the Site at the time of the disposal of PCBs on the eastern portion thereof, and that it is therefore a responsible party for that contamination. As to the contamination of the western portion of the Site, the facts may preponderate in favor of a conclusion that the defendants are liable therefor by virtue of their status as generators or past owner and/or operators. As noted, the plaintiff is himself a responsible party by virtue of his status as a present owner of the Site. In sum, the essential facts necessary to fix liability are either established or will be. That the plaintiff has not yet incurred recoverable response costs does not preclude his going forward with respect to future costs. Nor does the fact that the defendants have yet to incur any response costs preclude them from going forward on their counterclaims against the plaintiff. To so hold would be inconsistent with the remedial nature of the CERCLA. Therefore, upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, it is, by the Court, this 16th day of April 1996

ORDERED that the first ORDERED paragraph of the Court's March 29, 1996 Order entered in the above-captioned case shall be, and hereby is, MODIFIED so as to grant the plaintiff's Motion for Summary Judgment with respect to the status of the United States as a responsible party for the PCB contamination on the eastern portion of the Site; and it is

FURTHER ORDERED that the defendants' Motions to Dismiss the plaintiff's remaining claims under the CERCLA shall be, and hereby are, DENIED; and it is

FURTHER ORDERED that the defendants shall file their Oppositions to the plaintiff's Motion for Certification by 4:00 p.m. on April 19, 1996, and that the plaintiff shall have until 4:00 p.m. on April 26, 1996 to file a Reply thereto.